# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-707V
**Filed: January 29, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| AMY L. SCHIPPORIET, natural mother and guardian of M.R.R., a minor, | |
| Petitioner, | Special Master Hamilton-Fieldman |
| v. | Joint Stipulation on Damages; Human Papillomavirus ("HPV") Vaccines; Hepatitis A Vaccines; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Immune Thrombocytopenic Purpura ("ITP"). |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.
Debra A. Begley, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On August 5, 2014, Amy L. Schipporiet[2] ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, on behalf of her minor child M.R.R.[3]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner filed an amended Petition on June 23, 2015, alleging

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] Petitioner originally filed the Petition under a different last name, Amy L. Rawson.  *See* Petition, at 1.  The undersigned subsequently granted Petitioner's Motion to Amend the Case Caption to reflect Petitioner's new last name.  Orders, ECF Nos. 52, 57.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

"causation in fact [for] injury (ies) sustained following the HPV ["Human Papillomavirus"] / Gardasil #1 and Hepatitis A #1 vaccines administered on August 15, 2011, and for aggravation of injuries sustained following the July 26, 2012 administration of HPV/Gardasil #2, Hepatitis A #2, Tdap[4], and MCV4 vaccines resulting in Immune Thrombocytopenic Purpura ("ITP")[5]." Amended Petition, ECF No. 42, at 1.[6]

On January 26, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Stipulation, ECF No. 58. Respondent denies that the HPV, Hepatitis A, or Tdap vaccines caused, and/or significantly aggravated, Petitioner's condition or any other injury. However, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $110,000.00 in the form of a check payable to Petitioner as guardian/conservator of M.R.R.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

---

[4] Although Petitioner listed Tdap as vaccine that significantly aggravated a prior condition, the parties ultimately agreed that the "Tdap vaccine [did not] play[] any role in causing or significantly aggravating M.R.R.'s alleged injury." Stipulation, ECF No. 58, at n.1. However, the Stipulation includes that "Respondent denies that M.R.R.'s ITP, or any other condition, was caused-in-fact and/or significantly aggravated by her HPV and/or Hepatitis A vaccines . . . and/or her Tdap vaccine administered on July 26, 2012." Stipulation, at 2.

[5] Immune Thrombocytopenic Purpura and Idiopathic Thrombocytopenia Purpura, both referred to as ITP, are noted to be used interchangeably. *See* Stipulation, at 2, n. 2.

[6] Petitioner initially alleged that Human Papillomavirus ("HPV"), more specifically Gardasil, vaccinations and Hepatitis A vaccinations administered on August 15, 2011 and July 26, 2012 caused M.R.R. to develop "Immune Thrombocytopenic Purpura" ("ITP"). Petition ("Pet."), ECF No. 1, at 1-2. Petitioner ultimately amended her Petition to reflect the vaccines and injuries noted above. *See* Amended Pet. at 1.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[7]

      **IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| AMY L. SCHIPPOREIT, natural mother and guardian of M.R.R., a minor,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 14-707V<br>SPECIAL MASTER<br>LISA HAMILTON-FIELDMAN |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program") on August 5, 2014, and an amended petition on June 23, 2015. The petition and the amended petition both seek compensation for injuries allegedly related to M.R.R.'s receipt of Human Papillomavirus ("HPV") and Hepatitis A vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. M.R.R. received her first HPV and Hepatitis A vaccines on August 15, 2011, and her second HPV and Hepatitis A vaccines on July 26, 2012. M.R.R. also received a Tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on July 26, 2012.[1]

3. These vaccines were administered within the United States.

---

[1] Petitioner has not alleged that the Tdap vaccine played any role in causing or aggravating M.R.R.'s alleged injury.

4. Petitioner alleges that M.R.R.'s HPV and Hepatitis A vaccines administered on August 15, 2011 and July 26, 2012 caused her to develop, and/or significantly aggravated, her idiopathic thrombocytopenia purpura ("ITP").[2]

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of M.R.R. as a result of her condition.

6. Respondent denies that M.R.R.'s ITP, or any other condition, was caused-in-fact and/or significantly aggravated by her HPV and/or Hepatitis A vaccines administered on August 15, 2011, and/or July 26, 2012, and/or her Tdap vaccine administered on July 26, 2012.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $110,000.00 in the form of a check payable to petitioner as guardian/conservator of M.R.R.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

---

[2] In her pleadings, petitioner also refers to her condition as "immune thrombolytic purpura."

2

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, the money provided pursuant to this Stipulation, will be used solely for the benefit of M.R.R. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of M.R.R.'s estate under the laws of the State of Nebraska. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of M.R.R.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.R.R. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.R.R. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of M.R.R., on behalf of herself, M.R.R., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.R.R. resulting from, or alleged to have resulted from, the Hepatitis A and/or HPV vaccinations administered on August 15, 2011, and/or July 26, 2012, and/or a Tdap vaccine administered on July 26, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about August 5, 2014, and an amended petition filed on June 23, 2015, in the United States Court of Federal Claims as petition No. 14-707V.

15. If M.R.R. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of

4

the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that M.R.R.'s ITP, or any other condition, was caused-in-fact, and/or significantly aggravated, by her HPV and/or Hepatitis A vaccines administered on August 15, 2011, and/or July 26, 2012, and/or her Tdap vaccine administered on July 26, 2012.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of M.R.R.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

PETITIONER:

*Amy Schipporeit*
AMY L. RAWSON
Amy L. Schipporeit

ATTORNEY OF RECORD FOR PETITIONER:

*Carol R Gallagher*
CAROL GALLAGHER
Carol L. Gallagher, Esquire, LLC
1201 New Road, Suite 133
Linwood, NJ, 08221
(609) 837-6262

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: 1/14/2016