# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-707V
Filed: February 23, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | **UNPUBLISHED** |
| AMY L. SCHIPPOREIT, natural mother * | |
| and guardian of M.R.R., a minor, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | |
| v. * | Attorneys' Fees and Costs; |
| * | Reasonable Amount Requested |
| SECRETARY OF HEALTH * | to which Respondent Does Not |
| AND HUMAN SERVICES, * | Object. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Carol L. Gallagher</u>, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.
<u>Debra A. Begley,</u> United States Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On August 5, 2014, Amy L. Schipporeit[2] ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[3] on behalf of her minor child M.R.R. 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner filed an amended Petition on June 23, 2015, alleging "causation in fact [for] injury (ies) sustained following the HPV ["Human Papillomavirus"] /

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner originally filed the Petition under a different last name, Amy L. Rawson. *See* Petition, at 1. The undersigned subsequently granted Petitioner's Motion to Amend the Case Caption to reflect Petitioner's new last name. Orders, ECF Nos. 52, 57, 66.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Gardasil #1 and Hepatitis A #1 vaccines administered on August 15, 2011, and for aggravation of injuries sustained following the July 26, 2012 administration of HPV/Gardasil #2, Hepatitis A #2, Tdap[4], and MCV4 vaccines resulting in Immune Thrombocytopenic Purpura ("ITP")." Amended Petition, ECF No. 42, at 1. On January 29, 2016, the undersigned issued a decision awarding compensation to Petitioner. Decision, ECF No. 59.

On February 23, 2016, Petitioner's counsel filed a motion seeking reimbursement for $25,000.00 in attorneys' fees and costs. Motion, ECF No. 62. In accordance with General Order Number 9, Petitioner's counsel filed a statement, signed personally by Petitioner, to verify that Petitioner has not incurred any out-of-pocket litigation costs in pursuit of her claim. *Id.* Petitioner stated that "Respondent does not object to an award in this amount." *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $25,000.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Carol L. Gallagher, Esquire.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Although Petitioner alleged that the Tdap vaccine significantly aggravated M.R.R.'s prior condition, the parties ultimately agreed that the "Tdap vaccine [did not] play[] any role in causing or significantly aggravating M.R.R.'s alleged injury." Stipulation, ECF No. 58, at n.1. The parties' Stipulation also includes the following statement: "Respondent denies that M.R.R.'s ITP, or any other condition, was caused-in-fact and/or significantly aggravated by her HPV and/or Hepatitis A vaccines . . . and/or her Tdap vaccine was administered on July 26, 2012." Stipulation, at 2.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).